LETITIA CHAMBERS *vs.* JONATHAN CHAMBERS.

PROVIDENCE—JANUARY 22, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast. JJ.

A tenant for life, charged with the payment of all necessary taxes and repairs on the property, who, to prevent the estate from being sold, pays the assessments made thereon for building sewers in and for curbing streets contiguous to the property, is entitled to have the same apportioned between herself and the remainder-men in the proportion which the value of her life estate bears to the value of the entire estate.

BILL IN EQUITY for an apportionment of sewer and curbing assessment between a life tenant and the remainder-men.

MATTESON, C. J. This is a bill for an apportionment of certain assessments for curbing and a sewer. The case is as follows: William Chambers, late of Providence, died January 24, 1886. By his last will and testament he gave to his wife, the complainant, the income of his real and personal estate for life, and on her decease the remainder in fee to his son, the respondent Jonathan Chambers, one-third to

him individually, and the other two-thirds in trust for his other sons, Israel Chambers and Thomas Chambers. The gift to the complainant was coupled with the requirement that she should pay all necessary taxes and repairs on the property. On March 27, 1894, the city of Providence assessed a portion of the real estate, situated on Helme street, Providence, for a sewer in Grove, Helme, and River streets. This assessment, with the expenses of a levy on the estate for its collection, amounted on July 3, 1895, when it was paid by the complainant, to $295.83. On July 1, 1895, the city of Providence also assessed the estate for curbing on Helme street. This latter assessment amounted to $90, and was paid by the complainant October 14, 1895. The question raised is whether these assessments should be borne by the complainant as life tenant, or should be apportioned between her and the remainder-men, and if so in what proportions.

It is contended, on behalf of the remainder-men, that these assessments are to be regarded in the light of taxes and as such should be borne by the life tenant, not only because it is the general rule that it is the duty of the life tenant to pay taxes, but especially because of the direction in the will that she should pay all necessary taxes and repairs. We do not think, however, that assessments like these in question, though popularly sometimes spoken of as taxes, are to be regarded as taxes within the meaning of the will. They are exceptional and extraordinary in their character, being expenses for improvements of a permanent nature, rather than the usual current expenses which are provided for by ordinary taxes. *Love* v. *Howard*, 6 R. I. 116; *Beals* v. *Providence Rubber Co.*, 11 R. I. 381. We find nothing in the will to indicate that the testator intended to include any other than the usual ordinary taxes in the requirement that his wife should pay all necessary taxes and repairs on the property.

Assessments for sewers, if not paid when due, and assessments for curbing are required to be added to the taxes of the owner of the estate and collected in the same manner as ordinary taxes. Ordinances of the City of Providence, 37,

361; Pub. Laws R. I. cap. 815, of April 15, 1880. And see
Pub. Laws R. I. cap. 1239, of May 4, 1893, providing for the
recovery by a life tenant, who has paid the whole of a sewer
assessment, of a proportional part of the assessment from
the remainder-man. The complainant having paid these as-
sessments to prevent the sale of the estate by the city treas-
urer therefor, and not being required by the will to pay
them, we think that she is entitled to have them apportioned
between herself and the respondent in the proportion which
the value of her life estate bears to the value of the entire
estate.

*Edward D. Bassett and Edward L. Mitchell,* for com-
plainant.

*Stephen A. Cooke and Louis L. Angell,* for respondent.